WILLIAM T. VERICK (California Bar No. 140972)
Klamath Environmental Law Center
424 First Street
Eureka, CA 95501-0404
Tel: (707) 268-8900, Fax: (707) 268-8901, Email: wverick@igc.org

SHARON E. DUGGAN, (California Bar No. 105108)
Law Offices of Sharon E. Duggan
370 Grand Avenue, Suite 5
Oakland, CA 94610-4874
Tel: (510) 271-0825, Fax: (510) 271 0829, E-mail: foxsduggan@aol.com

HELEN H. KANG (California Bar No. 124730)
JAMES TREGGIARI (PTLS No. 18224)
Environmental Law and Justice Clinic
Golden Gate university School of Law
536 Mission Street
San Francisco, California 94105
Tel: (415) 442-6647, Fax: (415) 896-2450, E-mail: hkang@ggu.edu

LUKE COLE (California Bar No. 145505)
AVINASH KAR (California Bar No. 240190)
Center on Race, Poverty & the Environment
450 Geary Street, Suite 500
San Francisco, California 94102
Tel: (415) 346-4179 ext 2, Fax: (415) 346-8723, E-mail: luke@igc.org

Attorneys for Plaintiffs
CALIFORNIANS FOR ALTERNATIVES TO TOXICS
and ENVIRONMENTAL PROTECTION INFORMATION CENTER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS, a California non-profit corporation and THE ENVIRONMENTAL PROTECTION INFORMATION CENTER, a California non-profit corporation<br><br>      Plaintiffs,<br><br>    vs.<br><br>EVERGREEN PULP, INC.,<br><br>      Defendant. | Case No. C 06 0002 EDL<br><br>**STIPULATED ORDER EXTENDING TIME TO FILE MOTIONS TO COMPEL DISCOVERY** |

Plaintiffs Californians for Alternatives to Toxics and The Environmental Protection Information Center ("plaintiffs") and defendant Evergreen Pulp, Inc. ("Evergreen") hereby stipulate as follows:

1. Through a process of meeting and conferring, the parties have agreed to resolve a dispute regarding the appropriate scope of document discovery sought by plaintiffs. Plaintiffs have agreed to limit their remaining requests for documents to the following:

    A. Contracts between Evergreen and its customers for the sale of pulp

    B. Documents pertaining to investigations Evergreen conducted prior to acquiring control of the Samoa pulp mill on January 21, 2005 to determine the extent of the pulp mill's compliance with air emissions limitations applicable to the mill's smelt dissolver and lime kiln.

    C. Documents pertaining to Evergreen's consideration and evaluation of technologies, methodologies, and approaches to reduce smelt dissolver emissions in light of unsuccessful source tests on that unit. "Approaches" includes consideration of operations, limits on production and mill shut down as well as equipment, technological, and maintenance fixes.

    D. Evergreen's settlement negotiations with the federal Environmental Protection Agency ("EPA"), the U.S. Department of Justice, and state and local air pollution control agencies that concern Findings of Violation the EPA issued to Evergreen in 2005 and 2006.

2. Subject to Entry of this stipulated order, Evergreen has agreed to produce to plaintiffs non-privileged documents that are responsive to categories 1.A through1. 1.C, above on or before January 5, 2006. Evergreen asserts that documents responsive to category 1.D, above, are privileged. Evergreen has also agreed to provide a privilege log, by the same date, for all documents in the foregoing categories 1.A through 1.D that it asserts are privileged.

3. In addition, as to the following categories of documents, in its responses to plaintiffs' written document requests and/or in writing in the parties' meet and confer process, Evergreen has asserted either 1.) That is has provided plaintiffs with all unprivileged documents in its possession, custody or control; or 2.) That there are no unprivileged documents in its

possession, custody or control that are responsive to plaintiffs' discovery requests.

    a.    Documents constituting any written agreement between Evergreen and the North Coast Unified Air Quality Management District regarding pulp production limits as a way to avoid Prevention of Significant Deterioration ("PSD") review.

    b.    Documents responsive to Request No. 10 in Plaintiffs' Second Set of Requests for Production of Documents.

    c.    Documents responsive to Request No. 11 in Plaintiffs' Second Set of Requests for Production of Documents.

    d.    Documents responsive to Request No. 12 in Plaintiffs' Second Set of Requests for Production of Documents.

    e.    Documents responsive to Request No. 13 in Plaintiffs' Second Set of Requests for Production of Documents.

    f.    Engineering drawings and narrative and/or technical descriptions of the spray pretreatment curtain installed by Evergreen in 2005 upstream of the smelt dissolver scrubber.

4. Pursuant to the court's case management order, the last day for the parties to file motions to compel discovery was December 18, 2006.

5. Plaintiffs seek extra time to complete the meet and confer process without being rushed into filing a potentially unnecessary motion to compel discovery responses. Subject to the terms of this stipulation, Evergreen has agreed to produce additional documents as described in paragraph 1 and a supplemental privilege log as described in paragraph 2, and to agree to extend plaintiffs time to move to compel with respect to that agreement as well as with respect to categories of documents described in paragraph 3.

6. The parties therefore stipulate and agree that the deadline for a party to file a motion to compel further responses to document requests should be extended to January 12, 2007. This stipulation applies only to those documents described in paragraphs 1 and 3, and the related privilege logs, above.

7. The grounds for the requested order are set forth in the accompanying declaration of William Verick.

8.  This is the fourth amendment that has been requested by a party in this action.

IT IS SO STIPULATED.

Dated: December 21, 2006        KLAMATH ENVIRONMENTAL LAW CENTER

By: /s/ William Verick
WILLIAM VERICK, Attorney for Plaintiffs

Dated: December 21, 2006        EVERGREEN PULP, INC.

By: /s/
David D. Cooke,
Attorney for Defendent

Attestation Regarding Signature: This document is being filed electronically under my User ID and Password. Pursuant to General Order 45, Section X.B, I hereby attest that concurrence in this filing of this document has been obtained by the other signatory to this document. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed December 21, 2006 at Eureka, California.

/s/ William Verick
William Verick

PURSUANT TO STIPULATION, IT IS SO ORDERED

DATED: December 22, 2006

IT IS SO ORDERED
Judge Elizabeth D. Laporte

Elizabeth D. Laporte
United States Magistrate Judge

---

STIPULATED ORDER EXTENDING TIME TO FILE MOTIONS TO COMPEL DISCOVERY RESPONSES
Case No.: 06 0002 EDL                4