1  [Counsel Identification on Following Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS, a California non-profit corporation and THE ENVIRONMENTAL PROTECTION INFORMATION CENTER, a California non-profit corporation<br><br>Plaintiffs,<br><br>v.<br><br>EVERGREEN PULP, INC.,<br><br>Defendant. | Case No. C 06 0002 EDL<br><br>[PROPOSED] CONSENT DECREE |

1  WILLIAM VERICK (State Bar No. 140972)
   Klamath Environmental Law Center
2  424 First Street
   Eureka, California 95501-0404
3  Phone: (707) 268-8900; Fax: (707) 268-8901
   E-Mail: wverick@igc.org
4
   SHARON E. DUGGAN (State Bar No. 105108)
5  Law Offices of Sharon E. Duggan
   370 Grand Avenue, Suite 5
6  Oakland, California 94610-4874
   Phone: (510) 271-0825; Fax: (510) 271-0829
7  E-Mail: foxsduggan@aol.com

8  HELEN H. KANG (State Bar No. 124730)
   BRENT PLATER (State Bar No. 209555)
9  Environmental Law and Justice Clinic
   Golden Gate University School of Law
10 536 Mission Street
   San Francisco, California 94105
11 Phone: (415) 442-6647; Fax: (415) 896-2450
   E-Mail: hkang@ggu.edu
12 E-Mail: bplater@ggu.edu

13 LUKE COLE (State Bar No. 145505)
   AVINASH KAR (State Bar No. 240190)
14 Center on Race, Poverty & the Environment
   450 Geary Street, Suite 500
15 San Francisco, California 94102
   Phone: (415) 346-4179, ext. 2; Fax: (415) 346-8723
16 E-Mail: luke@igc.org

17 Attorneys for Plaintiffs CALIFORNIANS FOR
   ALTERNATIVES TO TOXICS and ENVIRONMENTAL
18 PROTECTION INFORMATION CENTER

19
   DAVID D. COOKE (BAR NO. 094939)
20 EMILY L. MURRAY (BAR NO. 223815)
   ALLEN MATKINS LECK GAMBLE & MALLORY & NATSIS LLP
21 Three Embarcadero Center, 12th Floor
   San Francisco, CA 94111-4074
22 Phone: (415) 837-1515; Fax: (415) 837-1516
   E-Mail: dcooke@allenmatkins.com
23 E-Mail: ekennedy@allenmatkins.com

24 MARC A. ZEPPETELLO (BAR NO. 121185)
   BARG COFFIN LEWIS & TRAPP, LLP
25 One Market · Steuart Tower, Suite 2700
   San Francisco, California 94105-1475
26 Phone: (415) 228-5400; Fax: (415) 228-5450
   E-Mail: maz@bcltlaw.com
27
   Attorneys for Defendant
28 EVERGREEN PULP, INC.

WHEREAS, on January 2, 2006, Plaintiffs Californians for Alternatives to Toxics and The Environmental Protection Information Center ("Plaintiffs") filed an action ("the Action") against Defendant Evergreen Pulp, Inc. ("Evergreen");

WHEREAS, in the Action Plaintiffs allege that Evergreen is in violation of particulate matter and total reduced sulfur (TRS) emissions standards set forth in the Title V Operating Permit applicable to the smelt dissolving tank and lime kiln at the kraft pulp mill owned and operated by Evergreen and located on the Samoa Peninsula west of Eureka, California;

WHEREAS, Evergreen denies the material allegations of the Complaint, and this Consent Decree does not constitute an admission of liability by Evergreen; and

WHEREAS, the parties have agreed that settlement of the claims alleged in the Complaint is in the public interest and that entry of this Consent Decree without further litigation is the most appropriate way to resolve this action;

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED as follows:

## I. JURISDICTION AND PARTIES BOUND

1. This Court has jurisdiction over the subject matter of this action and over the parties pursuant to section 304 of the Clean Air Act (the "Act"), 42 U.S.C. § 7604, and 28 U.S.C. §§ 1331, 2201, and 2202.

2. Venue is proper in this Court pursuant to section 304 of the Act, 42 U.S.C. § 7604, and 28 U.S.C. § 1391(b). For purposes of this Consent Decree only and for no other purpose, Evergreen does not contest (a) the adequacy of Plaintiffs' notice of intent to sue given under 42 U.S.C. § 7604(b), or (b) the standing of Plaintiffs to sue on the claims asserted in the complaint on file herein.

3. This Consent Decree shall, upon entry by the Court, apply to, and be binding upon the parties and each of their respective directors, successors, and assigns.

4. If Evergreen transfers any ownership interest or right to operate the Facility (defined in Section II of this Consent Decree), including but not limited to the sale, lease, or licensing of others to operate all or part of the mill, Evergreen shall give notice of this Consent Decree to any successor in interest before such transfer. Evergreen shall send a copy of such written notification

to Plaintiffs before such sale or transfer. Upon sale or transfer of the Facility, Evergreen shall attach a copy of this Consent Decree to the agreement by which the sale or transfer occurs and shall make performance of Evergreen's obligations under this Decree an obligation of any purchaser or transferee.

## II. DEFINITIONS

5. "ATC" means an Authority to Construct within the meaning of NCUAQMD Rule 200.

6. "Effective Date" means the date of entry of the Consent Decree by the Clerk of the United States District Court for the Northern District of California.

7. "EPA" means the U.S. Environmental Protection Agency, including Region 9.

8. "Facility" means the pulp mill located at 1 TCF Drive, Samoa, California 95564, on the North spit of Humboldt Bay, which Evergreen currently owns and operates.

9. "NCUAQMD" means the North Coast Unified Air Quality Management District.

10. "PM" means particulate matter.

11. "Promptly" means within 10 days of the relevant event.

12. "PTO" means a Permit to Operate within the meaning of NCUAQMD Rule 240.

13. Smelt Dissolver" means the 50,000-gallon smelt dissolver tank at the Facility, which is located beneath the recovery boiler.

14. "Spray System" means the spray nozzles located upstream of the Wet Scrubber, which were installed in August 2005 to augment control of PM emissions from the Smelt Dissolver.

15. "Venturi Scrubber ATC" means the ATC for the venturi scrubber, a device to control emissions from the Smelt Dissolver, which is the subject of the Injunctive Relief section of this Consent Decree.

16. "Wet Scrubber" means the existing air pollution control device for the Smelt Dissolver, consisting of a packed bed, spray chamber and demister housed in a stainless steel vessel. For purposes of this Consent Decree, the Wet Scrubber does not include the Spray System.

## III. EVERGREEN COMMITMENTS

17. Evergreen shall provide to Plaintiffs a copy of its Alternative Monitoring Plan for the Spray System at the same time that it provides the Alternative Monitoring Plan to EPA.

18. By the Effective Date, Evergreen shall create a link on its existing website, for posting of monthly monitoring reports submitted to NCUAQMD pursuant to General Provision F of the Title V Permit to Operate, including all elements of the monthly reports submitted to NCUAQMD (the "Monthly Monitoring Reports"). Evergreen shall thereafter, for a period of 3 years, promptly make available on the website the Monthly Monitoring Reports. Evergreen shall promptly provide Plaintiffs notice of the posting of the first Monthly Monitoring Report via the website, together with notice of the URL at which the posted Monthly Monitoring Reports may be found. During the three year period for posting of Monthly Monitoring Reports on the website, Evergreen shall provide prompt notice to Plaintiffs of any change in the URL.

19. By December 31, 2007, Evergreen shall submit a complete Venturi Scrubber ATC application to NCUAQMD. The ATC Application shall propose the installation and operation of a Venturi Scrubber designed to meet, at a minimum, the particulate matter emissions standard set forth in the Title V permit for the Smelt Dissolver.

20. At the same time Evergreen submits the Venturi Scrubber ATC application to NCUAQMD, Evergreen shall transmit to Plaintiffs' Counsel a complete copy of the application, including any exhibits, enclosures, and forms accompanying the application, and any engineering studies furnished to NCUAQMD (a) supporting the application or (b) addressing the decision to retain, or not, the Wet Scrubber or the Spray System after installation and commencement of operation of a Venturi Scrubber.

21. Evergreen shall negotiate in good faith with NCUAQMD on the terms and conditions of the Venturi Scrubber ATC and shall not in bad faith or unreasonably reject any final ATC permit issued by the NCUAQMD.

22. Evergreen shall promptly transmit to Plaintiffs' Counsel copies of any written correspondence exchanged between NCUAQMD and Evergreen that constitutes negotiations on the terms and conditions of the Venturi Scrubber ATC.

23. Evergreen shall promptly transmit to Plaintiffs' Counsel a copy of any draft and final Venturi Scrubber ATC.

24. Evergreen shall promptly notify Plaintiffs of its decision whether to accept the final Venturi Scrubber ATC.

25. Should Evergreen accept the final Venturi Scrubber ATC, it will proceed to acquire, install and commence operation of the Venturi Scrubber in accordance with the terms and conditions of the final Venturi Scrubber ATC, provided, however, that in no event shall Evergreen be required by this Consent Decree to construct or install the Venturi Scrubber before May 31, 2008. Unless this Consent Decree has been modified to allow a later date, Evergreen shall complete construction, installation and startup of the Venturi Scrubber on or before September 1, 2008.

26. Nothing herein shall impair Evergreen's right to appeal the final Venturi Scrubber ACT to the NCUAQMD Hearing Board in accordance with the NCUAQMD Rules and Regulations. The time periods set forth in Paragraph 25 shall be tolled automatically during the period commencing with Evergreen's initiation of an appeal and ending with the entry of the Hearing Board's order on the appeal. Should Evergreen appeal the final Venturi Scrubber ATC, it shall serve Plaintiffs with copies of its appeal papers promptly after filing with the Hearing Board.

27. If Evergreen rejects the final Venturi Scrubber ATC, it shall promptly notify Plaintiffs and provide (a) a statement of the reasons for such rejection, and (b) a copy of all documents on which Evergreen relies in rejecting the ATC; provided, however, that Evergreen shall not be required to provide a copy of privileged documents or attorney work product, and nothing in this paragraph shall affect Evergreen's right to present additional analyses, studies, briefs or other materials, or, after such production to Plaintiffs, to identify and use additional documents on which it may rely.

28. Within 30 days of Evergreen's notification to Plaintiffs pursuant to Paragraph 27, Plaintiffs, if they so elect, shall notify Evergreen that one or both Plaintiffs will invoke the dispute resolution process set forth in Paragraphs 30 and 31 to challenge Evergreen's decision not to accept the final Venturi Scrubber ATC. Should Evergreen appeal the final Venturi Scrubber

ATC, dispute resolution proceedings shall commence after entry of the Hearing Board's order on the appeal. In any dispute resolution proceedings invoked pursuant to this paragraph, the issue to be resolved shall be whether Evergreen's decision to reject the final Venturi Scrubber ATC was reasonable and made in good faith. In such proceedings Evergreen shall bear the burden of proof by a preponderance of the evidence that its rejection of the final Venturi Scrubber ATC was reasonable and in good faith. Should dispute resolution proceedings include submission of the dispute to the Court for resolution, and should the Court determine that Evergreen's decision to reject the final Venturi Scrubber ATC was unreasonable and in bad faith, Evergreen shall, within 30 days of the Court's decision, notify NCAQMD of its intent to accept the final Venturi Scrubber ATC, and shall, within 90 days of the Court's decision, install and commence operation of the Venturi Scrubber in accordance with the final Venturi Scrubber ATC within 90 days of receipt of the Court's decision. Should the Court determine that Evergreen's decision to reject the final Venturi Scrubber ATC was not unreasonable and in bad faith, then Evergreen shall have no further obligations under this Consent Decree to design, acquire, install or operate a Venturi Scrubber. Plaintiffs reserve the right to request that the court grant them discovery in connection with dispute resolution proceedings, and Evergreen reserves the right to oppose such a request.

## IV. TIME ADJUSTMENTS

29. Should the parties be unable to stipulate to non-automatic adjustments of time required for compliance with this Consent Decree requested by Evergreen, Evergreen may apply to the Court for an extension of time to perform any of the obligations required of it in this Consent Decree. The Court shall adjust the time requirements set forth in this Consent Decree upon a showing of good cause.

## V. DISPUTE RESOLUTION

30. Where dispute resolution is provided for in this Consent Decree, the party seeking to invoke the dispute resolution process shall send a notice to the other party outlining the nature of the dispute, with a reference to the paragraph number in the Decree providing for dispute resolution, and requesting informal negotiations to resolve the dispute. Such period of informal negotiations shall not extend beyond 30 days from the date of the notice, unless an appeal by

Evergreen of the final Venturi Scrubber ATC is pending, or the parties agree otherwise in writing. For any such informal negotiations, any party may elect to seek dispute resolution assistance from Magistrate Judge Wayne Brazil, who has agreed to be available for these purposes. Should Judge Brazil's assistance be requested by either party and should he be available, the parties will participate in mediation of the dispute in accordance with instructions and procedures Judge Brazil may establish.

31. If informal negotiations or mediation are unsuccessful, either party may file a motion with this Court for dispute resolution. Except in the event of tolling during an appeal to the NCUAQMD Hearing Board, any such motion must be filed within 20 days after receipt by such party of a notice in writing terminating informal negotiations or, in the event mediation has taken place, within 20 days of the date of receipt of notice in writing terminating the mediation. The opposing party shall respond in accordance with the motion procedures and timetables established by local rules, and the moving party may reply in accordance with the local rules.

## VI. NOTIFICATION

32. Where notification is to be provided to Plaintiffs, notification shall be in writing, and shall deemed to have been made when provided to Plaintiffs' Counsel. All notices and submissions required by this Decree shall be sent by electronic mail, which shall be deemed notice in writing. In lieu of electronic mail, any party may, at its discretion, provide written notice in hard copy by certified U.S. Mail, return receipt requested, by overnight courier, or by hand delivery. Notices shall be directed as follows:

<u>Where Notification/Submission to Plaintiffs Is Required:</u>

William Verick
Klamath Environmental Law Center
424 First Street
Eureka, California 95501-0404
E-Mail: wverick@igc.org

Sharon E. Duggan
Law Offices of Sharon E. Duggan
370 Grand Avenue, Suite 5
Oakland, California 94610-4874
Phone: (510) 271-0825, Fax: (510) 271-0829
E-Mail: foxsduggan@aol.com

Helen H. Kang
Environmental Law and Justice Clinic
Golden Gate University School of Law
536 Mission Street
San Francisco, California 94105
Phone: (415) 442-6647, Fax: (415) 896-2450
E-Mail: hkang@ggu.edu

<u>Where Notification to Evergreen Is Required:</u>

David Tsang
Chief Executive Officer
Evergreen Pulp, Inc.
1 TCF Drive
Samoa, CA 95564
DavidTsang@evergreenpulp.com

Carol Romero
Manager, Environment and Safety
Evergreen Pulp, Inc.
1 TCF Drive
Samoa, CA 95564
CarolRomero@EvergreenPulp.com

David Cooke
Allen Matkins Leck Gamble Mallory & Natsis LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111
dcooke@allenmatkins.com

## VII. MISCELLANEOUS

33. Within 10 days of the Effective Date, Evergreen shall pay Plaintiffs $310,000, in full settlement of their claim for attorneys' fees and costs (including experts' and consultants' fees and costs), by delivering to William Verick, Plaintiffs' counsel, at the address listed in Paragraph 32, a check in that amount made payable to Klamath Environmental Law Center.

34. Entry of this Consent Decree and compliance with its requirements shall constitute complete and final resolution, settlement and satisfaction of Plaintiffs' claims against Evergreen as alleged in the Complaint to the Effective Date. Evergreen releases and discharges each Plaintiff, its officers, directors, employees, and its attorneys from any and all claims relating to the Complaint that may have accrued as of the Effective Date.

35. This Consent Decree contains the entire agreement between the parties. This Consent Decree may not be enlarged, modified, or altered unless such modifications are made in writing and approved by the parties and the Court.

36. The Court may close this case administratively after it enters this Consent Decree, but the Court shall retain jurisdiction to enforce and to resolve any disputes that arise under this Consent Decree.

37. This Consent Decree shall terminate after Evergreen has completed all of its obligations hereunder. Following completion of its obligations hereunder, Evergreen may give Notice of Termination of this Decree by filing such notice with the Court. The Consent Decree shall be deemed to be terminated automatically without further action by the Court on the 20th day following such filing of Notice of Termination, unless Plaintiffs file a motion before the expiration of that 20 day period, objecting to the Notice of Termination. The parties may brief the Court on the issue whether the Decree has terminated in accordance with the motion procedures of the Court's Civil Local Rules.

38. The parties acknowledge that this Consent Decree may not be entered by the Court until 45 days after it is received by the United States Attorney General and the Administrator of the United States Environmental Protection Agency pursuant to section 304(c)(3) of the Act, 42 U.S.C. § 7604(c)(3). Plaintiffs shall promptly undertake such service after this Consent Decree is executed by the parties. Should the Department of Justice ("Department") or the EPA notify either party or the Court that it rejects or opposes entry of this Decree, this Decree shall not be entered automatically, but either party may move for an order entering this Decree as the judgment of the Court over such objections, and either party may, in good faith, oppose such a motion based upon the reasons provided by the Department or the EPA for its/their rejection or opposition to entry of this Decree. Should the Department or the EPA not notify either party or the Court that it rejects or opposes entry of this Decree within the 45 day period, any party to this Consent Decree may thereafter file an unopposed request that the Court enter this Consent Decree.

39. Upon entry by this Court, this Consent Decree shall constitute a final judgment for purposes of Fed. R. Civ. Proc. 54 and 58.

IT IS SO AGREED by Plaintiffs:

*Patricia Clary*
Patricia Clary
Executive Director
CALIFORNIANS FOR ALTERNATIVES TO TOXICS
Dated: March 6, 2007

*Noah Levy*
Noah Levy
President
THE ENVIRONMENTAL PROTECTION INFORMATION CENTER
Dated: March 6, 2007

IT IS SO AGREED by Defendant:

*David Tsang*
David Tsang
President/CEO
Evergreen Pulp, Inc.
Dated: March 6, 2007

IT IS SO ORDERED this \_\_\_1st\_\_\_ day of \_\_May\_\_ 2007.

*IT IS SO ORDERED*
*Elizabeth D. Laporte*
Judge Elizabeth D. Laporte

HON. ELIZABETH D. LAPORTE
United States Magistrate Judge

Case No. C 06 0002 EDL
CONSENT DECREE [PROPOSED]

11